## ASSEFF et al. v. KINGSLAND, Commissioner of Patents.
### No. 9731.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 19, 1948.

Decided Oct. 24, 1949.

Mr. Oscar C. Limbach, of the Bar of the State of Ohio, Cleveland, Ohio, pro hac vice, by special leave of Court, with whom Mr. Almon S. Nelson, Washington, D. C., was on the brief, for appellants.

Mr. E. L. Reynolds, United States Patent Office, Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, Washington, D. C., was on the brief, for appellee.

Before STEPHENS, Chief Judge, and PRETTYMAN and PROCTOR, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court of the United States for the District of Columbia dismissing appellants' complaint, brought under Section 4915 of

the Revised Statutes,[1] for authorization of a patent. The application was for an improved high pressure lubricating oil consisting of a hydrocarbon oil plus certain additives which latter curtail ring clogging and corrosion of pistons and bearings.

The Patent Office denied the application, on the ground that it lacked invention and was the result of a natural course of experimentation using the knowledge of prior patents. The District Court was of the same view.

Appellants' additives consisted of a detergent and a corrosion inhibitor. The former cleans the pistons, etc., and the latter coats them with a protective material which keeps the corrosive acids, which form from the decomposition of lubricating oils under high temperature and pressure, from eating at the walls of pistons and bearings. The detergent suggested was a metal phenate. The suggested inhibitor was a thio (sulphur) derivative of an acid of phosphorus.

It appears that one Neely was issued a patent in November, 1938, in which it was claimed that when, to a hydrocarbon oil base, two additives are made, one a metal phenate and the other a metal salt of a substituted acid of phosphorus, the deleterious effect of piston sticking and ring clogging was greatly reduced. He apparently did not know why this action occurred.

In May, 1939, some time after Neely's invention, one Rutherford secured a patent in this field. He discovered that by combining a metal salt of sulphur with a substituted acid of phosphorus, a corrosion inhibitor was produced. There was no mention of combining the Neely discovery with the Rutherford process, although the two men worked in the same laboratories.

In 1941 an application (later abandoned) was filed by Cook and Thomas, in which they observed that the operation of a corrosion inhibitor and a detergent do not cooperate but oppose. The theory there was that the detergent cleans off the piston; the inhibitor puts a thin coat on the piston to prevent corrosion, which coat the detergent promptly cleans off.

From these preceding events in the industry, it would seem that had Neely's additive been solely a detergent and Rutherford's solely an inhibitor, appellants' combination could very well have been a patentable discovery. But Neely's application, disclosing the use of metal phenates as additives, pointed out that salts of a substituted acid of phosphorus cooperate in an unpredictable manner with the phenates, and emphasized that this effect was a reduction in corrosion. He used "derivatives of oxy-acids of phosphorus", which were cruder types of corrosion inhibitors than Rutherford used, but their properties were those of a corrosion inhibitor and Neely so stated. Appellants' detergent was of a type used in the Neely patent, and their corrosion inhibitor was of a type disclosed in the Rutherford patent. So it appears that appellants' process was an improvement of Neely's process, making some use of Rutherford's discovery of a refined inhibitor.

We find no error in the conclusions of the Patent Office and of the District Court that the claims of appellants lack invention. The action of the District Court in dismissing the complaint is, therefore,

Affirmed.

1. 35 U.S.C.A. § 63.