**ASSEFF et al. v. MARZALL, Commissioner of Patents.**

**No. 10520.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 23, 1950.

Decided April 26, 1951.

Wilkin, District Judge, dissented.

Oscar C. Limbach, Cleveland, Ohio, of the Bar of the Supreme Court of Ohio, pro hac vice, by special leave of Court, with whom Almon S. Nelson, Washington, D. C., was on the brief, for appellants.

Joseph Schimmel, United States Patent Office, Washington, D. C., with whom E. L. Reynolds, Solicitor, United States Patent Office, Washington, D. C., was on the brief, for appellee. C. W. Moore, United States Patent Office, Washington, D. C., also entered an appearance for appellee.

Before WILBUR K. MILLER and FAHY, Circuit Judges, and ROBERT N. WILKIN, District Judge (retired), sitting by designation.

WILBUR K. MILLER, Circuit Judge.

Peter A. Asseff filed a patent application on September 9, 1942, and later assigned his right, title and interest therein and thereto to The Lubri-Zol Corporation. After adverse action on the application by the Commissioner of Patents, Asseff and his assignee filed a complaint under R.S. § 4915, 35 U.S.C.A. § 63, asking the United States District Court for the District of Columbia to authorize the grant of a patent containing Claims 1, 5, and 9 to 24 inclusive. The District Court, being of the opinion that the Cook patent[1] anticipates all the claims, and that Claims 9 through 24 lack invention over the patents to McNab, Salzberg and Wilson, dismissed the complaint. This appeal followed.

The invention claimed is a lubricating composition designed to withstand the high temperatures encountered in internal combustion engines of the Diesel type.

The base of the lubricating composition is a conventional lubricating oil to which is added the product obtained by preparing the zinc salt produced by reacting capryl alcohol with phosphorus pentasulphide. All claims in issue require the addition of the zinc salt and Claims 1 and 5 provide for that alone. Appellants depend upon the use of the particular zinc salt as the patentable

1. No. 2344392, issued to Cook and Thomas. For brevity, it is referred to as the Cook patent.

element in their claims.[2] Several of the claims require the presence of a second additive as a detergent, others require a second additive called "a stable oil-soluble halogen bearing compound," and still others define a second additive as "a separate oil-soluble organic corrosion inhibitor." In a fourth group of claims, the composition described comprises three compounds,—the zinc salt, the detergent, and a separate oil-soluble organic halogen compound.

The appellants admit that the Cook patent, No. 2344392, granted pursuant to an application filed November 8, 1941, discloses the use in a lubricant of the zinc salt of the reaction product of capryl alcohol and phosphorus pentasulphide. They seek to avoid the anticipatory effect of Cook by contending that Asseff made his invention prior to November 8, 1941; and there is proof tending to show Asseff prepared the zinc reaction product on September 11, 1941, began tests on September 25, 1941, and completed them on October 3, 1941. This was, of course, prior to Cook's application date of November 8, 1941.

But the Cook patent purports on its face to be a "continuation-in-part" of a prior application filed July 11, 1941. As to all subject matter carried over into the continuing application from the parent application, the former is entitled to the filing date of the latter. Hunt Co. v. Mallinckrodt Chemical Works, D.C.E.D.N.Y.1947, 72 F.Supp. 865. The question is, then, what matter, if any, was carried over into the later application?

The Cook parent application clearly recognized the efficacy of the oil-soluble heavy metal salts of dithiophosphoric acid esters as detergents in lubricating oil compositions and as antioxidants. These salts were used alone or in admixture with other ingredients. Preference was indicated for the salt esters in which each alkyl group contains eight, ten, twelve or fourteen carbon atoms and in which the heavy metal is zinc, cadmium, aluminum, tin, lead and the alka-

line earth metals, which include magnesium, calcium, strontium and barium. The second Cook application, termed a continuation-in-part of the earlier application, disclosed the use of eight-carbon-atom capryl alcohol in the preparation of the dicapryl dithiophosphate used in the patented composition.

These disclosures of the parent application are therefore carried over into the patent without any essential change. Although the earlier Cook application did not disclose the preparation of a zinc dicapryl dithiophosphate salt, it did disclose all the components of the reaction product defined in Asseff's claims, even to the preference for zinc as the heavy metal and for octyl and capryl groups as the alkyl radical. We conclude that the Cook patent is entitled to the filing date of July 11, 1941, and that it is prior art as to the use in a lubricant of the zinc salt prepared by reacting capryl alcohol with phosphorus pentasulphide.

The appellants point to the following in the first Cook application: "* * * Detergents such as calcium stearate, calcium naphthenate and the like have previously been used in admixture with anti-corrosion agents such as triphenyl phosphite and sulfurized sperm oil that have no detergent properties. Although each of these two classes of materials will perform its function in a lubricating oil the two separate chemicals do not cooperate to produce a satisfactory anti-corrosion and detergent action when used together." and then call attention to the fact that in the Cook application filed November 8, 1941, it was stated that the dithiophosphates are usable in combination with a detergent. This apparently is thought to show the early Cook application did not carry over into the later, so the latter is not entitled to the filing date of the former. The change of opinion thus indicated does not affect the fact that Asseff's use of the zinc salt in a lubricating composition was anticipated by the Cook application of July 11, 1941. The

2. Asseff says in his brief that the invention which he made "was the discovery of the unexpected results produced by the use of the particular zinc salt." He adds, "The invention is not concerned with specific percentages of the zinc salt, nor with the combination of the zinc salt with any specific detergent or corrosion inhibitor, although some are obviously preferred."

662

fact that Cook's first application said the detergent and the anti-corrosion agent would offset each other might have the effect of showing that Cook was not prior art as to Asseff's Claims 9 to 24, if those claims were otherwise patentable; but that group of claims was rejected over the Cook and Salzberg patents in view of the patents to Wilson and McNab, which disclose the use of corrosion inhibitors in combination with detergent agents similar to those disclosed by Asseff.

■■ We see no invention in adding to the Cook composition well known detergents or corrosion inhibitors, as doing so is "the result of a natural course of experimentation using the knowledge of prior patents." Asseff v. Kingsland, 1949, 85 U.S. App.D.C. 367, 368, 178 F.2d 710, 711. Reference is made to the opinion of District Judge Tamm, reported as Asseff v. Kingsland, D.C.1949, 86 F.Supp. 419, where this present case is discussed much more in detail than we have thought necessary here.

Affirmed.

WILKIN, District Judge (dissenting).

The evidence is clear that Asseff was first in reducing to practice the specific ingredients that produced the desired result and constituted the invention. It seems contrary to the very spirit and purpose of patent law to allow the subsequent application of Cook the benefit of the earlier date of his application, the teaching of which was expressly contrary to the combination which constituted the invention.