**GOODYEAR TIRE AND RUBBER COMPANY et al., Appellants,**

v.

**David L. LADD, Commissioner of Patents, Appellee.**

**No. 18440.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 12, 1964.

Decided June 24, 1965.

Mr. Francis C. Browne, Washington, D. C., for appellants.

Mr. Jack E. Armore, Washington, D. C., Atty., U. S. Patent Office, with whom Mr. Clarence W. Moore, Sol., U. S. Patent Office, was on the brief, for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and WASHINGTON, Circuit Judge.

PER CURIAM:

The Patent Office rejected appellants' application, filed June 8, 1955, for a patent on the process of mixing the ingredients of polyurethane foams at pressures of 0.5 to 60 pounds per square inch above atmospheric pressure. The use of

---

such pressures during mixing allegedly results in uniform and controlled cell size and eliminates fissures in the end product. Appellants then sued the Commissioner of Patents in the District Court under 35 U.S.C. § 145 for a declaration that they are entitled to the patent. The District Court entered judgment for the defendant and dismissed the complaint, and the plaintiffs appeal.

■ Both the Patent Office and the District Court held the process unpatentable because the prior art made it obvious to a person with ordinary skill in the art, 35 U.S.C. § 103, relying on the Hoppe et al. patent No. 2,764,565, the application for which was filed two months after appellants' application. Hoppe's application was a continuation in part of an abandoned application filed two and a half years before appellants' application, and the parties agreed in the trial court that the continuation-in-part application is available as a reference to the extent its disclosures are also contained in the abandoned application. Though appellants now contest this, we have already held that, "[a]s to all subject matter carried over into the continuing application from the parent application, the former is entitled to the filing date of the latter." Asseff v. Marzall, 88 U.S.App.D.C. 358, 359, 189 F.2d 660, 661, cert. denied, 342 U.S. 828, 72 S.Ct. 51, 96 L.Ed. 626 (1951). The

Hoppe et al. abandoned application discloses an apparatus for the production of polyurethane plastics, including foamed products. Under one modification of the apparatus the ingredients are conveyed simultaneously through a common mixing nozzle and injected under pressure "up to 1000 atmospheres" into a mixing chamber.[1] This modification was carried forward into the continuation-in-part application. See Hoppe et al. patent No. 2,764,565 (Sept. 25, 1956).

The Patent Office held that this disclosure would suggest the process of mixing the ingredients under pressure to one with ordinary skill in the art. Although some evidence at trial conflicted with this holding, the District Court agreed with the Patent Office, relying on its expertness and stating that obviousness was indicated by the facts that another inventor had discovered the process at about the same time as appellants did and that the problem was not of long standing in the art.[2]

■■ The Patent Office's expertness in determining technical questions such as obviousness requires affirmance of its judgments unless they have no rational basis.[3] Since the Patent Office's finding of obviousness is supported by the record, the District Court's judgment is not clearly erroneous.[4] Therefore, the judgment must be

Affirmed.

1. "In this modification the two components of the reaction mixture, namely at least one di-isocyanate and at least one hydroxyl-group-containing polyester, are conveyed separately to a mixing chamber into which they are injected under pressure through separate nozzles or a common mixing nozzle, and the activator is either conveyed separately to the mixing chamber and injected into it under pressure through a separate nozzle or the common mixing nozzle or is conveyed to the mixing chamber in admixture with one of the said components." Hoppe abandoned application, serial No. 327,522. "The reaction components and activator are preferably injected into the mixing chamber at a pressure up to 1000 atmospheres, the homogeneity and strength of the end product of porous or homogeneous structure being thus improved." Id.

2. See L-O-F Glass Fibers Co. v. Watson, 97 U.S.App.D.C. 69, 228 F.2d 40 (1955), suggesting that the length of time a problem has existed is relevant to whether a solution to it is obvious.

3. See Schafer v. Watson, 109 U.S.App.D.C. 360, 288 F.2d 144 (1961); Esso Standard Oil Co. v. Sun Oil Co., 97 U.S.App.D.C. 154, 229 F.2d 37, cert. denied, 351 U.S. 973, 76 S.Ct. 1027, 100 L.Ed. 1491 (1956); Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449 (1939).

4. Rule 52(a), F.R.Civ.P., 28 U.S.C.A., governs our review of the District Court's opinion. Schafer v. Watson, note 3 supra; Esso Standard Oil Co. v. Sun Oil Co., note 3 supra; Standard Oil Development Co. v. Marzall, 86 U.S.App. D.C. 210, 181 F.2d 280 (1950).