**Fred B. STIEG, Appellant,**

v.

**COMMISSIONER OF PATENTS,**
**Appellee.**

**No. 19361.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 12, 1965.

Decided Nov. 18, 1965.

Mr. John A. Mitchell, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Fred L. Witherspoon, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Raymond E. Martin, Attorney, U. S. Patent Office, for appellee. Mr. Clarence W. Moore, Solicitor, U. S. Patent Office, was on the brief for appellee.

Before BAZELON, Chief Judge, and DANAHER and WRIGHT, Circuit Judges.

PER CURIAM:

The appellant in 1958 had sought a patent for a claimed invention entitled "Cellulose Sponges" which was rejected by the Patent Office and later by the District Court. The appellant here argues that he is entitled to his patent as a matter of law. He also in 1959 had unsuccessfully sought a patent on a method of making sponges such as were included in his first application. Since the issuance of the method patent was authorized by the District Court in consolidated *de novo* proceedings brought pursuant to 35 U.S.C. § 145, we are concerned only with the first rejection.

▮ Accordingly, we may observe at once that this appeal, as the parties recognize, presents the much mooted question as to whether a finding of obviousness under 35 U.S.C. § 103 is a finding of fact or a conclusion of law. See Rule 52(a), FED.R.CIV.P. We conclude that such a finding is not strictly one of fact or of law.[1] It is an inference derived from the application of a stated rule of law to the facts. Thus it may properly be called a mixed finding of law and fact. We also find that resolution of this semantic dispute does not answer the real question presented by this appeal: In a proceeding under 35 U.S.C.

---

1. In Standard Oil Development Co. v. Marzall, 86 U.S.App.D.C. 210, 213, 181 F.2d 280, 283 (1950), we wrote:

    "The nature of a finding of non-patentability because of the absence of invention places it in a special though not unique category within the general category of fact finding. * * * In such circumstances it is held by some courts that the question is in part one of law. * * *"

§ 145, what weight, if any, should be accorded the "obviousness" decision of the Patent Office?

In the trial *de novo* [2] before the United States District Court for the District of Columbia, the record consisted of the entire Patent Office file plus the testimony of witnesses taken before the District Court. The District Court concluded that it was unable to say that the Patent Office had erred in refusing the grant of a patent. In so doing, the court wrote: "A presumption of validity of course attaches to Patent Office decisions, and so the Court customarily defers in close cases to the expert judgment of the Patent Office tribunals." Stieg v. Commissioner of Patents, D.D.C., 238 F.Supp. 19, 21 (1965). The Patent Office decision to which the court applied the presumption of validity was that the application in suit lacked invention, being obvious, under 35 U.S.C. § 103, from the prior art "to a person having ordinary skill in the art to which [the application] pertains."

Appellant argues that, since in his judgment the finding of obviousness by the Patent Office is a conclusion of law, as distinguished from a finding of fact, the District Court erred in according that finding a presumption of validity. Building on that argument, appellant then asserts that, since this holding by the District Court is itself a conclusion of law, it is not protected on this appeal by the clearly erroneous rule. Rule 52 (a), FED.R.CIV.P.

■■ Adverting first to the weight to be given decisions by the Patent Office in trials *de novo* before the District Court, we observe that the dichotomy recognized between findings of fact and conclusions of law in Rule 52(a) has no application. There is no question but that rulings of law as such made by the Patent Office are fully reviewable, free from any "clearly erroneous" rule, by the District Court and by this court. It is just as clear, however, that when the Patent Office applies a proper principle of law to its factual findings, the resulting judgment is entitled to "great weight" and that "in the absence of new evidence carrying 'thorough conviction' that had not been considered by the Patent Office," the action of the Patent Office should be affirmed. Zenith Radio Corporation v. Ladd, 114 U.S.App.D.C. 54, 57, 310 F.2d 859, 862 (1962).

■ In this case the Patent Office found facts which are not under attack, and then applied the obviousness principle of 35 U.S.C. § 103 to those facts. In so doing, it found the patent application lacking in invention, being obvious "to a person having ordinary skill in the art." 35 U.S.C. § 103. Thus the Patent Office, in an area of its expertise, decided a mixed question of law and fact, and its decision is indeed entitled to great weight and a rebuttable presumption of validity. Applying this principle, the trial judge concluded that he should authorize the Commissioner to issue a patent on the method invention, and ample basis appears to support his determination. By the same token and applying the same standard, the trial court deemed itself bound to reject appellant's claim of invention for his cellulose sponge. Our review convinces us that in so doing the trial court did not err.[3]

■ Since the new evidence taken on the trial *de novo* did not bring to the District Court "thorough conviction" that the judgment of the Patent Office was invalid, it allowed that judgment to stand. Thus the District Court held, with the Patent Office, that the patent application lacked invention on the ground of obviousness. In so doing, contrary to the contention of appellant here, it correctly accorded the judgment of the

---

2. See Hoover Co. v. Coe, 325 U.S. 79, 83, 65 S.Ct. 955, 89 L.Ed. 1488 (1945).

3. Compare Reiner v. I. Leon Co., 2 Cir., 285 F.2d 501, 504 (1960), cert. denied, 366 U.S. 929, 81 S.Ct. 1649, 6 L.Ed.2d 388 (1961), with L-O-F Glass Fibers Company v. Watson, 97 U.S.App.D.C. 69, 76 and n. 14, 228 F.2d 40, 47 and n. 14 (1955); see, generally, Note, Standard of Patentability, 63 COLUM.L.REV. 306 (1963).

Patent Office on the issue of obviousness a presumption of validity. Zenith Radio Corporation v. Ladd, *supra.* Compare Radio Corp. v. Radio Engineering Laboratories, 293 U.S. 1, 8, 55 S.Ct. 928, 79 L.Ed. 163 (1934).

Affirmed.