Jozef **SIKORA**, Plaintiff,

v.

Edward J. **BRENNER**, Commissioner of Patents, Defendant.

Civ. A. No. 2746–65.

United States District Court
District of Columbia.

Sept. 20, 1966.

Jozef Sikora, pro se.

Joseph Schimmel, Washington, D. C., for defendant.

## OPINION

JACKSON, District Judge.

■ This is a civil action brought under 35 U.S.C. § 145 in which plaintiff seeks to obtain a patent on Claims 11 through 17 of application Serial No. 120,-274, filed June 28, 1961, entitled "Manufacture of Polyamides". The case presents the issue of whether the Board of Appeals was clearly in error in rejecting the application as unpatentable over Stump patent No. 2,840,547. It is now well settled that in this Court, "in trials de novo under 35 U.S.C. § 145, doubt as to patentability is resolved, not in favor of applicant, but in favor of correctness of administrative action". Reynolds v. Aghnides, 356 F.2d 367, (D.C.Cir., 1966).[1] Plaintiff having failed to overcome this presumption in favor of the correctness of the Patent Office's action, the Complaint must be dismissed.

Pursuant to Rule 52(a), Federal Rules of Civil Procedure, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Plaintiff brought this action under 35 U.S.C. § 145 seeking a judgment from this Court that he is entitled to receive a patent on his application Serial No. 120,274, filed June 28, 1961, containing Claims 11 through 17, all of the remaining claims of the application.

2. The claims of the application relate to a process for producing linear polyamides. Claim 11 is representative and reads as follows:

11. A process for the production of linear polyamides comprising mixing, at a temperature above 250°C., a molten diamine of the formula $NH_2(CH_2)_xNH_2$ with a molten dicarboxylic acid of the formula $HOOC(CH_2)_y COOH$, wherein x and y are integers

---

[1]. See discussion of Court of Appeals holding in Railex v. Guss, 256 F.Supp. 994, (D.C.D.C. 1966), Footnote 1.

of at least 4, evaporating water from the reaction mixture and maintaining the reaction mixture in a molten state until the average molecular weight of the polymer is at least 4000.

3. Claims 11 through 17 were held by the Patent Office tribunals to be unpatentable over Stump patent 2,840,547, September 20, 1958.

4. Stump discloses a process of producing linear polyamides by reacting a molten diamine and a molten dicarboxylic acid, each of the types specified in Claim 11. Stump prefers that, in the case of acids having from about 5 to about 8 carbon atoms, temperatures above 210°C. should be avoided. In the case of adipic acid, the molten acid is fed into a reaction vessel, and the heat of salt formation raises the temperature of the mixture to 200°C. Within four minutes, a low molecular weight product is formed (Stump's Example 1).

5. When the dicarboxylic acid of Stump is sebacic acid, which has 10 carbon atoms, the temperature of the mixture may safely exceed 210°C.

6. Plaintiff relies primarily on the temperature limitation to distinguish the claimed process from that of Stump. Stump recognizes that higher temperatures than the preferred maximum of 210°C. in the case of certain specified acids, can be used to increase the rate of polymerization of his low molecular weight polymer. The expressed preference for a maximum of about 210°C. indicates that Stump carried out the reaction at higher temperatures, and, constitutes a teaching that the reaction can be carried out at temperatures above, as well as below, that temperature. In the same way, Stump's teaching that "The temperature applied to the blend is low enough to avoid too rapid polymerization * * *" (col. 2, lines 28, 29) and that "subjecting adipic acid to conventional polymerization temperatures leads to cyclization as a competing reaction * * *" (col. 1, lines 64–66), suggests the use of higher and conventional temperatures in excess of 210°C.

7. At the trial, the only evidence offered by plaintiff consisted of two exhibits, both of which were part of the record before the Patent Office.

8. In the light of Stump patent No. 2,840,547, the subject matter of Claims 11 through 17, considered as a whole, would have been obvious at the time plaintiff made his invention, to one of ordinary skill in the linear polyamide art.

## CONCLUSIONS OF LAW

1. Plaintiff in a civil action under 35 U.S.C. § 145 has the burden of proving either clear error or lack of an underlying rational basis in the rejection made by the Patent Office tribunals by clear and convincing evidence carrying "thorough conviction". Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657 (1894); Stieg v. Commissioner of Patents, 122 U.S.App.D.C. 361, 353 F.2d 899, (1965); Zenith Radio Corp. v. Ladd, 114 U.S.App.D.C. 54, 310 F.2d 859 (1962); Harpman v. Watson, 181 F.Supp. 919 (D.C.D.C.1959). See the contra presumption in the Court of Customs and Patent Appeals, In re Hofstetter, 362 F.2d 293, (CCPA 1966).

2. At the trial of these actions, the plaintiff, upon the completion of the presentation of his evidence, had not on the facts and the law shown a right to relief.

3. The plaintiff is not entitled to a patent containing any of Claims 11 through 17 of his application Serial No. 120,274.

4. The Complaint should be dismissed as to all of its claims.