Walter M. FREEMAN, Plaintiff,

v.

Edward J. BRENNER, Commissioner of Patents, Defendant.

Civ. A. No. 1741-65.

United States District Court
District of Columbia.

Nov. 17, 1966.

Keith Misegades and Milton A. Kallis, Washington, D. C., for plaintiff.

Joseph Schimmel, Sol., and George C. Roeming, Washington D. C., for defendant.

## OPINION

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents under 35 U.S.C. § 145, to authorize the issuance of a patent to the plaintiff on an application which the Commissioner has rejected.

The application was filed on February 8th, 1963, and is Serial Number 258,116.

The invention consists of an improvement in lenses intended for use in eyeglasses for persons from whose eyes cataracts have been removed by an operation. One of the problems, according to the evidence, that arises in connection with persons in that condition is that too often eyeglasses that are fitted for them do not permit of a sufficient side vision, but allow only what is called in the art "tunnel vision", that is, solely forward vision.

The plaintiff, who is an optician, testified that prior to his invention, the curve on lenses for such eyeglasses was generally spherical. Having seen a parabolic curve used for apparatus of a different type, it occurred to him that lenses for cataract patients might be improved by using a parabolic curve instead of a spherical curve, because a parabolic curve would concededly give much broader vision on each side. The patent application covers the substitution of a parabolic curve for a spherical curve in a single piece lens intended for eyeglasses for persons whose cataracts have been removed.

The evidence showed that lenses embodying plaintiff's improvement have been in fact manufactured and are available commercially. It is not disputed that the plaintiff has made an advance in the art. His contribution appears to be praiseworthy and useful. It is not, however, every advance, every improvement, and every new idea that is accorded a patent monopoly under the patent law. In order to be worthy of a patent, the improvement or the advance must be more than the product of mechanical skill of a person ordinarily skilled in the art in which he works. It must be the product of what has been called the inventive faculty.

Many years ago the Supreme Court in Atlantic Works v. Brady, 107 U.S. 192, 200, 2 S.Ct. 225, 231, 27 L.Ed. 438, made the following pointed statement:

"It was never the object of those laws [i. e. patent laws] to grant a monopoly for every trifling device, every shadow of a shade of an idea,

which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures."

The test presently applied is phrased in the statute, 35 U.S.C. § 103, as follows:

" * * * if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."

a patent may not be obtained on the alleged invention.

■ The Supreme Court has recently held that the two different ways of stating the test of patentability are equivalent and the same.[1] Consequently the question in this case is whether the plaintiff's improvement was a product of mechanical skill or of the inventive faculty, or to put it in a different way, whether the difference between the prior art and the improvement devised by him is such that it would have been obvious at the time when the invention was made to a person having ordinary skill in the art.

This brings us to a consideration of the prior art. Counsel for the Patent Office relied in this Court principally on two prior patents. The first was a patent to Courmettes, No. 2,574,960, issued on November 13, 1951. This patent disclosed a one-piece segment lens for cataract eyeglasses. The curvature shown in the Courmettes patent, however, was of a spherical type and not parabolic.

The second patent relied on by the Patent Office and its counsel is the patent to Tillyer, No. 1,356,670, issued on October 26, 1920. The Tillyer patent relates to optical lenses generally. It seems appropriate to analyze the disclosure contained in that patent. At the outset it states that the invention "re-lates to ophthalmic lenses for the correction of errors of human vision and particularly to that type of lens which has been corrected for marginal aberrations of focus and astigmatism." Later on it states that aberrations may be corrected by deforming the surfaces of the lens. Finally, it states:

"A deformed curve is one which is not a regular spherical, cylindrical or toric curve, such as hitherto used in the manufacture of opthalmic lenses but which is a variable curve, such as elliptical, parabolic, etc."

Thus the Tillyer patent discloses the possibility of using parabolic curves in the manufacture of optical lenses.

In the light of the prior art the Patent Office tribunals held that it did not require invention, but that it was obvious to adapt the parabolic curve suggested in the Tillyer patent to a lens intended for cataract eyeglasses described in the Courmettes patent. This conclusion was one of the principal grounds for rejecting the application.

■ This brings the Court to a consideration of the scope of judicial review. The subject has been discussed in recent cases decided by the Court of Appeals for this Circuit. In Zenith Radio Corp. v. Ladd, 114 U.S.App.D.C. 54, 57, 310 F.2d 859, the Court stated that great weight should be attached to the findings of the Patent Office, at least in the absence of new evidence carrying thorough conviction that had not been considered by the Patent Office.

In Goodyear Tire and Rubber Co. v. Ladd, 121 U.S.App.D.C. 275, 276, 349 F.2d 710, 711, it was said that:

"The Patent Office's expertness in determining technical questions such as obviousness require affirmance of its judgment unless they have no rational basis."

■ The latest decision on this point is Stieg v. Commissioner of Patents, 122 U.S.App.D.C. 361, 353 F.2d 899, in which the Court of Appeals repeated that un-

1. Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545.

less new evidence is introduced that brings thorough conviction that the finding of the Patent Office was invalid, the Court should accord to the decision of the Patent Office on the issue of obviousness a presumption of validity.

In a highly technical or scientific field such as optics the views of experts on the question of obviousness of an advance are manifestly very weighty. In this instance we have the views of impartial experts of the Patent Office to the effect that the advance made by the plaintiff would have been obvious to a person reasonably skilled in the art, in other words, that it was the product of mechanical skill and not of the inventive faculty.

The plaintiff did not introduce any new evidence that was not before the Patent Office. The plaintiff himself was the sole witness. He described how he happened to get the idea for his invention in the course of his work as an optician and observation of difficulties of his customers. This matter has already been referred to. He did express the opinion that his advance would not have been obvious to a person skilled in the art. Naturally, although the Court has no doubt of his sincerity or probity, he has a partisan point of view and his opinion is not sufficient to overcome the highly skilled and expert opinions of the Patent Office, especially because officials of the Patent Office are neutral and impartial in such matters, as well as acquiring and developing a high degree of skill.

Independently of these considerations the Court, even if the scope of review were much broader, would arrive at the same conclusion. Here we have a disclosure that suggests the use of parabolic curves for eyeglasses generally. It may well be that the plaintiff was not aware of the Tillyer patent, but this fact, of course, would play no part in the determination of the merits of the case. It would seem that a person reasonably skilled in the art and working in this field would, as a progressive step forward, adapt a parabolic curve to the lenses involved in this case. It is an improvement, but the kind of an improvement that is the product of mechanical skill rather than of the inventive faculty.

The Court, therefore, perceives no reason for setting aside or disagreeing with the conclusion of the Patent Office that the subject matter of the application is not patentable.

This makes it unnecessary to pass upon the defense of *res judicata* adduced by the Patent Office. This defense is predicated on the fact that the application involved in this case was a continuation of a prior application and that similar claims in the earlier application were rejected and no appeal was taken.

In the light of the considerations just discussed, the Court will render judgment for the defendant dismissing the complaint.

Counsel may submit proposed findings of fact and conclusions of law.