**NATIONAL DISTILLERS & CHEMICAL CORPORATION, Appellant,**

v.

**Edward J. BRENNER, Commissioner of Patents, Appellee.**

No. 20932.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 16, 1967.

Decided Dec. 14, 1967.

Mr. A. Yates Dowell, Jr., Washington, D. C., with whom Messrs. A. Yates Dowell, Jr., and Allen A. Meyer, Jr., New York City, were on the brief, for appellant.

Mr. Jack E. Armore, Washington, D. C., Attorney, with whom Mr. Joseph Schimmel, Washington, D. C., Solicitor, was on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, WRIGHT and LEVENTHAL, Circuit Judges.

PER CURIAM:

Appellant brought an action under 35 U.S.C. § 145 to authorize the issuance of a patent for a certain polyethylene composition suitable for extrusion coating (as on milk cartons). The case was tried January 20, 1966, before Judge Jackson, who stated during trial that he was disposed to decide in favor of appellant but first wanted briefs directed to the law. Upon Judge Jackson's disability before decision, the parties "stipulated that an-

other judge may decide this case based on the proceedings before Judge Jackson." The case was assigned to Judge Holtzoff, who heard arguments December 13 and 14, 1966, and rendered an oral opinion immediately after argument, concluding that judgment would be rendered in favor of defendant, appellee here. In due course proposed findings and conclusions were submitted by the Government. After argument Judge Holtzoff struck out certain proposed findings and conclusions, accepted others, and entered judgment dismissing the complaint.

■■■ We quote from the oral opinion of the District Court:

THE COURT: This case was very ably and exhaustively tried and very ably argued on both sides. It comes down to one single issue, really, and that is whether in the light of the Mock patent, No. 2,938,879, issued on May 31st 1960, the step taken by the inventors was obvious to a person reasonably skilled in the art in which the inventors were working, or to put it another way, whether the step taken by them was the product of mechanical skill or the product of the inventive faculty. The Patent Office, both the Examiner and the Board of Appeals determined this issue against the inventors. In other words, the Patent Office held that the step taken by the inventors was obvious to a person reasonably skilled in the art and it was a product of mechanical skill rather than the product of the inventive faculty, in the light of the disclosure of the Mock patent. The question before the Court is whether this finding and conclusion of the Patent Office should be overruled.

The recent cases in the Court of Appeals have been quite emphatic on the proposition that great weight must attach to the expertise of the Patent Office and its findings on the issue of obviousness. This is especially true in highly technical matters such as is presented here. [Citations omitted] [U]nless new evidence is introduced that brings thorough conviction—and "thorough conviction" are the words used by the Court of Appeals—that the finding of the Patent Office was erroneous, the Court should accord to the decision of the Patent Office on the issue of obviousness a presumption of validity.

This Court has not been convinced that the conclusion of the Patent Office on this issue is erroneous. The particular compound used by the inventors and specified in the claims is a species of a genus disclosed and described in the Mock patent. The determination which species of that group is most suitable for the purposes which the inventors had in mind can well be deemed a product of mechanical skill rather than the product of inventive faculty. They had to determine within the disclosure of the Mock patent what particular compound of the class there described was most fitting to accomplish the result which they intended to reach.

In the light of these considerations the Court is of the opinion that it should affirm the decision of the Patent Office.

*Judge Holtzoff's opinion is a sound and felicitous expression of the applicable principles.[1]*

■■■ In this case appellant must try to overturn not only the Patent Office, but

---

1. The cases outlining the presumption of correctness of the Patent Office are numerous. The trail-blazer was Abbot v. Coe, 71 App.D.C. 195, 109 F.2d 449 (1939).

   The doctrine requiring "thorough conviction" to overturn the determination of the specialized Patent Office tribunal was approved in Morgan v. Daniels, 153 U.S. 120, 125, 14 S.Ct. 772, 38 L.Ed. 657 (1894), and has undeniable vitality. Zenith Radio Corp. v. Ladd, 114 U.S. App.D.C. 54, 57, 310 F.2d 859, 862 (1962); Goodyear Tire and Rubber Co. v. Ladd, 121 U.S.App.D.C. 275, 276, 349 F.2d 710, 711 (1965); Stieg v. Commissioner of Patents, 122 U.S.App.D.C. 361, 353 F.2d 899 (1965); California Research Corp. v. Ladd, 123 U.S.App. D.C. 60, 356 F.2d 813 (1966).

the adverse findings of the District Court. "Obviousness is the kind of question that usually turns on the District Court's view of the evidence and its findings will not be set aside unless clearly erroneous." [2]

The ability of a trial judge to evaluate demeanor evidence is a reason, but not the only reason for the rule, and the principle is applicable even though the District Judge rendering judgment did not hear the witnesses.

Appellant seeks to avoid affirmance by noting that the Mock patent, relied on by both the Patent Office and the District Court, was concerned with polyethylene film generally, and did not address itself to the particular problems focused on the application before the court—a suitable polyethylene for adhesion to coated sheet materials. That is not decisive. "It is not invention to perceive that the product which others had discovered had qualities they failed to detect." [3]

Appellant protests that the disclosure in the Mock patent was broad enough to cover over 300 compounds, and that testing and effort were required to establish which was responsive to the problem of major concern to appellant. Government counsel argued that the number is smaller than 300—say, 25. The District Court's findings do not speak expressly to this point. There is no need to resolve the matter, for even if the larger number be accurate, this does not undercut the determinations of the Patent Office,[4] and the District Court.

Affirmed.

2. California Research Corp. v. Ladd, *supra* note 1, 123 U.S.App.D.C. at 64, 356 F.2d at 813; *see also* Stieg v. Commissioner of Patents, *supra* note 1.

3. General Elec. Co. v. Jewel Incandescent Lamp Co., 326 U.S. 242, 249, 66 S.Ct. 81, 84, 90 L.Ed. 43 (1945).

4. The Board of Appeals held that there was a failure to establish unobviousness or unexpected results. It adopted the analysis of the Examiner who stated in his answer that "the determination of

optimum operable proportions is mere routinism." Even though the particular result or combination set forth in the application was not expressly set forth in the prior art, if the progress it represents is only such as follows upon experimentation that is of an obvious nature, taking into account the state of the art, the discovery is not patentable as one that was unobvious to a person of ordinary skill in the art. Mandel Bros. Inc. v. Wallace, 335 U.S. 291, 295, 69 S.Ct. 73, 93 L.Ed. 12 (1948); In re Reese, 290 F.2d 839, 844 (C.C.P.A.1961).