**Walter M. FREEMAN, Appellant,**

v.

**Edward J. BRENNER, Commissioner of Patents, Appellee.**

**No. 20838.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 14, 1967.

Decided May 7, 1968.

Mr. Keith Misegades, Washington, D. C., for appellant.

of Finley, 174 F.2d 130, 36 CCPA 998 (1949).

Mr. George C. Roeming, Atty., United States Patent Office, with whom Mr. Joseph Schimmel, Sol., United States Patent Office, was on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and BURGER and MCGOWAN, Circuit Judges.

PER CURIAM:

Appellant, dissatisfied with appellee's disallowance of a patent application filed in 1963,[1] brought suit in the District Court under 35 U.S.C. § 145. After the trial de novo permitted by that statute, the District Court, 261 F.Supp. 286, stating its reasons at length upon the record, refused to interfere with the action of the Patent Office. We, in turn, leave the judgment of the District Court undisturbed.

The issue is the familiar one of whether, within the meaning of 35 U.S.C. § 103, " * * * the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art * * *." The claimed invention related to a parabolically-shaped bifocal lens, designed to provide enlarged and improved peripheral vision to cataract patients. The examiner and the Board of Appeals at the Patent Office concurred in believing that prior patents disclosed (1) lenses made of fused materials in such manner as to have a one-piece spherical surface embracing both near and distant vision, and (2) the enlargement of the plane of vision incident to a paraboloidal, as distinct from a spherical, lens surface. It was concluded that knowledge of these patents, with which appellant must be charged in law,[2] rendered obvious the combination of their teachings effected in appellant's claims.

The trial de novo in the District Court consisted of the introduction of the Patent Office record, the testimony of appellant on direct examination, and the arguments of counsel. Appellant was afforded a full opportunity to explain why his claimed invention represented something more than a mere recognition of the potentialities in combination of the earlier discoveries, and why the Patent Office disallowance was insupportable. The District Court pursued the intricacies of this effort with close and careful attention and, after due reflection, set forth in detail the reasons why it was unpersuaded of Patent Office irrationality requiring judicial correction. It referred in particular to the recent efforts of this court to delineate the standards by which the Patent Office's judgments on the issue of obviousness are to be appraised. Stieg v. Commissioner of Patents, 122 U.S.App.D.C. 361, 353 F.2d 899 (1965); and see Zenith Radio Corp. v. Ladd, 114 U.S.App.D.C. 54, 310 F.2d 859 (1962). Those standards do not appear to us to have been affected by the Supreme Court's subsequent consideration of the scope and meaning of Section 103 in Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), upon which appellant has chiefly relied. Applying those standards to the record before us, we cannot say the District Court erred in concluding, in the language of Stieg, that "the new evidence taken on the trial de novo did not bring to [it] 'thorough conviction' that the judgment of the Patent Office was invalid * * *."

In any event, the District Court was at pains to make clear that, even under a vastly broader scope of review than that heretofore contemplated by this court, it would still have reached the same result;

1. This application purported to be a continuation of an application filed in 1957. The latter was rejected by the Patent Office as unpatentable because of obviousness. In the District Court the appellee raised the issue of res judicata, contending that the denial of the first application foreclosed the claims made in the second. The District Court did not find it necessary to reach this issue.

2. See Graham v. John Deere Co., 383 U.S. 1, 36, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966); Walker v. General Motors Corp., 362 F.2d 56, 60 n. 3 (9th Cir. 1966); Griffith Rubber Mills v. Hoffar, 313 F. 2d 1, 3 (9th Cir. 1963).

and we cannot say that, upon the evidence adduced before it, this view of the merits was unfounded.

The judgment of the District Court is

Affirmed.