**RESEARCH ENGINEERING AND MAN-UFACTURING COMPANY, Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**

**Civ. A. No. 1434–66.**

United States District Court
District of Columbia.

June 5, 1968.

Charles L. Sturtevant, Washington, D. C., for plaintiff.

Joseph Schimmel, Washington, D. C., for defendant.

## MEMORANDUM

McGUIRE, District Judge.

This is an action under 35 U.S.C. § 145, seeking authorization by the Court directed to the Patent Office for the issuance of a patent.

The alleged invention relates to self-tapping screws and fastener devices of like character, and to a blank for use in their manufacture according to certain specific modifications. What we are concerned with here are so-called article claims, relating to such a screw, produced or manufactured by method claims hitherto granted.

At the trial before the Court all but two claims were withdrawn. Those latter two are claims Nos. 25 and 27 in combination, and claim No. 33. Claim No. 27 is actually the claim that is asserted, and includes claim No. 25.

They thus read as follows:

*Claim No. 27*: A fastener device according to Claim 25 in which the difference between the distance from the axis of said device to the farthest point on the lobes of the pitch surface of the shank portion and to the nearest point on the sides of the pitched surface of the shank portion is not substantially greater than ⅔ of the thread height.

*Claim No. 33*: A lobular thread-forming fastener device having roll-threaded shank and work-entering portions,

    (a) the crest of the thread formation on the work-entering portion being inwardly tapered toward the work-entering end,

    (b) the thread formation on both said portions having pitch surface cross sections in the form of an arcuate triangle of uniform width in each such section throughout 360 degrees,

(c) the radius of curvature of said sides being greater than one-half of, but not substantially greater than, the width of the corresponding cross section,

(d) the difference between the minimum and maximum radial dimensions of any cross section of the pitch surface of such thread on said shank and tapered end portions being not substantially more than two-thirds the depth of the thread on said shank portion.

The gist or thrust of the invention is the production of a swaging screw which has a low driving torque (force) and a high stripping torque, and that the low driving torque is achieved by what is called a triangular lobe configuration, three lobes which have a relatively smaller radius with sides between the lobes. Both the lobes and sides are arcuate. The radius of the curvature of the lobes is sharper than the radius of the curvature of the sides, thus producing what is characterized as lobular triangular configuration.

The driving torque is the force that is required to be applied to the screw driver to turn the screw into the workpiece and make the threads, and it is asserted it is the triangular lobular configuration which produces this low driving torque with consequent high stripout result, this relationship being characterized as a high ratio.

These particular claims with others falling into the article category were regarded by the Patent Office as not patentable over the prior art. The references relied upon were:

Tomalis, 2,352,982, July 4, 1944;

Bedker, 2,656,740, October 27, 1953;

Welles, 2,807,813, October 1, 1957; and

Shimada (Japanese) 223,231, June 21, 1956.

Applying what might now be called the classical approach of Judge Rich[1] the Court agrees, and there was no evidence of a clear and convincing character[2] before it which would warrant a conclusion to the contrary, that persons of ordinary skill in the art would find it obvious when possessed of the disclosures hitherto made in the art cited, either directly, in combination or suggestively inherent therein. See also, the landmark case of Atlantic Works v. Brady, 107 U.S. 192, 2 S.Ct. 225, 27 L.Ed. 438 (1882) pp. 199, 200; Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

Complaint dismissed. Counsel will prepare tentative findings of fact and conclusions of law. Order accordingly.

---

1. In re Winslow, 1966, 365 F.2d 1017, 53 CCPA 1574.

2. Or, as the Supreme Court has said, "thorough conviction" Morgan v. Daniels, 153 U.S. 120, 125, 14 S.Ct. 772, 38 L.Ed. 657 (1894) cited by the U.S.C.A. in National Distillers & Chem. Corp. v. Brenner, 128 U.S.App.D.C. 386 footnote 1, p. 387, 389 F.2d 927 (1967).