**ARROW SAFETY DEVICE COMPANY,**
Appellant,

v.

**NASSAU FASTENING CO. et al.**

No. 73–1239.

United States Court of Appeals,
Third Circuit.

Argued Oct. 10, 1973.

Decided March 28, 1974.

George A. Smith, George A. Smith, Jr., Smith, Harding, Earley & Follmer, Philadelphia, Pa., for appellant; Paul R. Melletz, Klein, Melletz & Klein, Camden, N. J., of counsel.

John M. Calimafde, Sandoe, Hopgood & Calimafde, New York City, for appellees; Robert A. Schroeder, James M. Rhodes, Jr., New York City, of counsel.

Before STALEY, VAN DUSEN and ADAMS, Circuit Judges.

OPINION OF THE COURT

STALEY, Circuit Judge.

This is an appeal from a judgment in favor of the appellees, N. F. C. Industries, Inc. ("N.F.C.") and one of its officers, Emanuel Mendelsohn, in a patent infringement action in which the appellant's patent, U.S. Patent No. 3,182,289,

was adjudged invalid because of public use within the meaning of 35 U.S.C. § 102(b) and as being reasonably obvious to one with ordinary skill in the art at the time of invention within the meaning of 35 U.S.C. § 103. After carefully examining the record we conclude that the district court was correct and we, therefore, affirm its judgment.

The patent in question which was assigned to the appellant Arrow Safety Device Company ("Arrow") by Robert Rossi is for a signalling system for school buses. The patented electrical circuit provides for the manual operation by the driver preparing to stop of a momentary switch which initiates flashing amber lights. The momentary switch operates a conventional holding relay that maintains the connection between the battery and the lights. Continuous pressure by the driver is not needed. The system further provides for interruption of the amber lights and initiation of red lights upon opening of the door. The red lights in turn are interrupted by closing the doors. The closing of the door does not cause the amber lights to go back in operation.

Before the patented system was designed, the appellant, Arrow Safety Device Company, was in the business of selling to New Jersey school districts bus signalling systems which utilized flashing red lights and door switches. It was Dr. Parrish, the Director of Pupil Transportation for the State of New Jersey, who suggested to the patentee that a system of flashing amber lights could be used in conjunction with the existing system of red lights to warn of impending stops.

In November 1960, Dr. Parrish approved the patentee's design and arranged to have it installed in twelve school buses in New Jersey. According to the district court's findings, the purpose of these initial installations was to afford a means to study motorist reaction to the system under actual road conditions and to evaluate the ability of the components to withstand the corrosive effect of ocean air. Arrow Safety Device Company received no compensation for these first twelve installations. According to Arrow, its first sale was in September 1961. On July 26, 1961, the State Board of Education of New Jersey adopted the system on a permissive basis. On September 1, 1962, the system was made mandatory on New Jersey school buses. On April 24, 1962, over a year from the time of the system's first public use, the patentee applied for a patent on the warning system. The patent was granted on May 4, 1965.

After New Jersey made the signalling system mandatory, the appellee, N. F. C. Industries, Inc., began to manufacture and sell the system. N.F.C. admits that it obtained its circuit design from Arrow wiring diagrams. After the appellee refused to terminate manufacturing and selling the device, this action was commenced.

■ Section 103 of Title 35, U.S.C., states:

"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."

This section carries out the intent of Article I, Section 8, of the Federal Constitution. See Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L. Ed. 663 (1950).

"* * * Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved." Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966). See United States v. Adams, 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966).

The prior art includes all pertinent prior art whether or not the patentee knew of it. Mast Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 20 S.Ct. 708, 44 L.Ed. 856 (1900).

 In this case two prior patents exist that are among the prior art. The first is the Creelman patent which establishes the relationship between a momentary switch and a holding relay. The momentary switch utilized in the Arrow patent is the one that turns on the amber lights. The second patent is the Beauchemin patent. It describes a warning system composed of three different colored lights. In the Beauchemin system, a green light remains on while the vehicle door is closed. An amber light is activated when the brakes are depressed and remains on until the pedal is released. When the door is opened, a red light is illuminated. The district court found the Arrow patent merely an obvious combination of elements of these patents. We agree with the district court that the Arrow patent was a combination of standard components that would have been obvious to one with ordinary skill in the art. Combinations of old components may be patentable. National Distillers & Chemical Corp. v. Brenner, 128 U.S.App.D.C. 386, 389 F.2d 927 (1967); Trio Process Corp. v. L. Goldstein's Sons, Inc., 461 F.2d 66 (C.A. 3 1972). We do not believe that the combination in this case is patentable. We are further persuaded that the patent was invalid in this case where the patent's presumptive validity was weakened because "significant prior art not considered by the Patent Office" was brought forth by the appellee. United States Expansion Bolt Co. v. Jordan Industries, Inc., 488 F.2d 566 (C.A. 3 1973). As appellant notes, the commercial success of the system is a factor to be considered in determining the obviousness question as is copying by an alleged infringer. Black & Decker Mfg. Co. v. Baltimore Truck Tire Service Corp., 40 F.2d 910 (C.A. 4 1930); Frank W. Egan & Co. v. Modern Plastic Machinery Corp., 387 F.2d 319 (C.A. 3 1967). We believe the district court considered all appropriate factors. Its findings are not clearly erroneous.

It is unnecessary to consider the contention that the patent was also invalid for prior public use under 35 U.S.C. § 102(b) in view of our conclusion that the patent is invalid under 35 U.S.C. § 103.

For the foregoing reasons, the judgment of the district court will be affirmed.