501 F.2d 405
 183 U.S.P.Q. 132
 LAYNE-NEW YORK COMPANY, INC., a corporation of the State of New York
v.
ALLIED ASPHALT COMPANY, INC., Appellant in 73-1930, a
corporation of theCommonwealth of Pennsylvania,
and Commonwealth of Pennsylvania,
InterveningDefendant-Appellant
in Nos. 73-1931 and 73-1933.
LAYNE-NEW YORK COMPANY, INC., a corporation of the State of New York
v.
B. H. MOTT & SONS, INC., Appellant in No. 73-1932, a
corporation of the Stateof West Virginia, and
Commonwealth of Pennsylvania,
Intervening Defendant.
 Nos. 73-1930-- 73-1933.
 United States Court of Appeals, Third Circuit.
 Argued June 10, 1974.
Decided Aug. 5, 1974.
 
 John M. Webb, Webb, Burden, Robinson & Webb, William H. Logsdon, Pittsburgh, Pa., for Layne-New York Co., Inc.
 Frank E. Coho, Pittsburgh, Pa., for Allied Asphalt Co., Inc.
 Raymond G. Hasley, Pittsburgh, Pa., for B. H. Mott & Sons, Inc.
 Walter J. Blenko, Jr., Blenko, Buell, Ziesenheim & Beck, James C. Valentine, Pittsburgh, Pa., for Commonwealth of Pennsylvania.
 Before STALEY, GIBBONS and WEIS, Circuit Judges.
 OPINION OF THE COURT
 STALEY, Circuit Judge.
 
 
 1
 These are appeals from a judgment of the district court in favor of the appellee, Layne-New York Company, Inc. ('Layne-New York'), in a patent infringement action in which the appellee's patent, U.S. Patent No. 3,469,405, was adjudged valid. These appeals stem from two actions filed against appellants Allied Asphalt Company, Inc. ('Allied') and B. H. Mott & Sons, Inc. ('Mott') in which Layne-New York charged each with infringement of the above mentioned patent. Layne-New York contended that the appellants, contractors, installed mine water barriers for the Commonwealth of Pennsylvania which required performance of the patented process. Pennsylvania was permitted to intervene in both actions. The two actions were consolidated for trial to a jury on the issue of validity.[1]
 
 
 2
 The jury returned a special verdict in which certain questions posed by the court were answered. The jury found the patent valid and that Richard H. Reinhold, manager of the core drilling department of Layne-New York at the time of the invention, was a joint inventor with John W. Foreman. On the basis of this finding, judgment was entered on the verdict for lack of full and complete title in Layne-New York.[2] Subsequently the district court granted the appellee's motion for judgment n.o. v. vacating the jury's finding that Foreman and Reinhold were joint inventors and reinstating the actions.[3] These appeals followed after the district court granted permission under 28 U.S.C. 1292(b).
 
 
 3
 On appeal the appellants contend, inter alia, that the patented process was reasonably obvious to one with ordinary skill in the art at the time of the invention within the meaning of 35 U.S.C. 103. We agree.
 
 
 4
 Pursuant to the mandate of Article I, Section 8, of the Federal Constitution, Congress enacted 35 U.S.C. 103. See Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950). Section 103 provides:
 
 
 5
 A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.'
 
 
 6
 The United States Supreme Court in graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966), has stated the following with respect to 103:
 
 
 7
 '* * * Under 103, the scope and content of the prior art are to be determined; differences between the prior art and claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved.' See United States v. Adams, 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966); Arrow Safety Device Co. v. Nassau Fastening Co., 496 F.2d 644 (C.A.3 1974).
 
 
 8
 In determining the obviousness question, this court must consider all prior art, whether or not the patentee knew of it. Arrow Safety Device Co. v. Nassau Fastening Co., 496 F.2d 644 (C.A.3 1974); see Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 20 S.Ct. 708, 44 L.Ed. 856 (1900).
 
 
 9
 The patented process discloses a method of constructing a mine water barrier in an underground mine. The process involves first drilling two parallel rows of holes to the subterranean void. From the surface through the borings mineral aggregate is introduced which is then grouted (permeated with thin watery concrete) in place so as to form two spaced underground bulkheads. A third row of holes is then drilled between the first two. Cement is poured into these holes, forming a plug between the grouted bulkheads.
 
 
 10
 The prior art in this case includes methods used in three mining projects and one described in a British publication. One project is the California, Pennsylvania, State Teachers College project which involved the drilling of holes into subterranean voids, the introduction of gravel aggregate to form cones reaching to the roof of the void, and the grouting of the gravel. This method formed a hardened cylinder to support the roof against subsidence. Another one, the PAT Collier Township project, involved the use of substantially the same process to form underground cementitious supports against subsidence. A third project, the Banning Mine project, called for drilling holes into the mine, introducing aggregate, grouting the aggregate, and casting a concrete bulkhead against the grouted aggregate. The mass constructed in this fashion was to block the flow of water within the mine. Because of the discovery, after plans had been drawn, of a crosscut in the mine which would have permitted water to flow unimpeded around the block, the proposed barrier was never constructed. Plans for the project were placed in the files of the Pennsylvania Department of Mines. The British publication was called to the attention of the patent office. The publication describes a method of filling cavities in old mines to prevent subsidence. It details the building of dams at the limits of the area to be treated and the filling of the area with concrete.
 
 
 11
 The projects outlined above were not considered by the patent office. The fact that 'significant prior art not considered by the Patent Office' was brought forth by the appellant weakens the patent's presumption of validity. U.S. Expanion Bolt Co. v. Jordan Industries, Inc., 488 F.2d 566, 569 (C.A.3 1973); see Arrow Safety Device Co. v. Nassau Fastening Co., 496 F.2d 644 (C.A.3, 1974); 35 U.S.C. 282.
 
 
 12
 We believe that the patent in question is invalid due to obviousness. The patented method is merely an obvious combination of old elements. See Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950). Combinations of old elements may be patentable, but we do not believe that the method in question is such a patentable combination. See National Distillers & Chemical Corp. v. Brenner, 128 U.S.App.D.C. 386, 389 F.2d ,927 (D.C.Cir. Because here the process was used as a mine water barrier rather than mere support against subsidence does not lend credence to the appellee's position. A new use for an old process is not patentable. General Electric Co. v. Jewel Incandescent Lamp Co., 326 U.S. 242, 66 S.Ct. 81, 90 L.Ed. 43 (1945).
 
 
 13
 For the foregoing reasons, the judgment of the district court will be reversed.
 
 
 
 [1]
 Counterclaims were filed against Layne-New York by Allied, Mott and Pennsylvania
 
 
 [2]
 Richard H. Reinhold, the appellee's assignor, was the only applicant for the patent. However, appellants argued in the district court and continued to insist on appeal that the evidence mandates a finding that John W. Foreman was a joint inventor and therefore a real party in interest. See 35 U.S.C. 116. As the district court pointed out, all co-owners of a patent must join in an infringement suit. Rawlings v. National Molasses Co., 394 F.2d 645 (C.A.9 1968)
 
 
 [3]
 The case was ordered restored to the trial list for purposes of determining the issues of infringement and damages. All counterclaims against Layne-New York were dismissed with prejudice except those requesting declaratory judgment of non-infringement